UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

       STEPHEN M. SIEGEL,

                      Debtor.

NOT FOR PUBLICATION

Case No. 14-10267 (MG)

Chapter 7

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ORDER
DETERMINING THAT FILING OF TRANSCRIPT OF PRE-PETITION JUDGMENT
WILL NOT VIOLATE AUTOMATIC STAY OR, IN THE ALTERNATIVE, RELIEF
FROM STAY**

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the *Motion for Order Determining that Filing of Transcript of Pre-Petition Judgment Will Not Violate Automatic Stay or, in the Alternative, Relief from Stay* (the "Motion," ECF Doc. # 18-1), filed by Cinfiors, Ltd. ("Cinfiors"), a judgment creditor of the Debtor. In support of the Motion, Cinfiors attached an order of the New York Supreme Court, New York County, granting judgment in favor of Cinfiors against Stephen M. Siegel (the "Debtor") and Stephen Miller Siegel, Architect, P.C. (a non-Debtor entity) for $111,020.91 (the "Judgment," ECF Doc. # 18-2). The Chapter 7 Trustee filed a statement asserting that Cinfiors is not entitled to the relief sought in the Motion (the "Trustee Statement," ECF Doc. # 19).

      Cinfiors seeks an order determining that it will not violate the automatic stay by filing a transcript of the New York County Judgment with the Clerk of Suffolk County to transform the Judgment into a lien against real property belonging to the Debtor in Suffolk County. In the alternative, Cinfiors seeks relief from the stay to obtain and file the transcript and perfect a lien against the Suffolk County property. Filing the transcript would be an attempt to create a new lien against that real property, whether it is property of the estate, or if abandoned by the Chapter

7 Trustee, property of the Debtor; doing so now would violate the automatic stay. Because equality of distribution among creditors of the same class is a fundamental policy of the Bankruptcy Code, Cinfiors cannot better its position by perfecting a lien on the real property; for that reason, Cinfiors cannot establish grounds for lifting the stay. Therefore, Cinfiors' Motion is **DENIED**.

## I.    BACKGROUND

On February 3, 2014, the New York Supreme Court, New York County, entered a judgment for Cinfiors against the Debtor and non-debtor, Stephen Miller Siegel, Architect, P.C., for $111,020.91. (Judgment at 2.)[1] Three days later, on February 6, 2014, the Debtor filed a voluntary chapter 7 petition (the "Petition," ECF Doc. # 1.) The Petition does not list Cinfiors among the creditors, but Cinfiors' lawsuit against Siegel is disclosed in Item 4 of the Statement of Financial Affairs, with the status shown as "pending."[2] (Petition at 32.) Schedule A attached to the Petition lists 365 Crown Walk, Fire Island Pines, NY (the "Fire Island Property") as the Debtor's only real property. (Petition, Schedule A at 9.) On February 24, 2014, Cinfiors filed a notice of appearance in the bankruptcy case.

On April 30, 2014, the Chapter 7 Trustee entered a report of no distribution,[3] reporting that he had neither received any property nor paid any money on account of the estate, and that there was no property available for distribution over and above that exempted by law. The vast majority of the property of the estate consisted of the Fire Island Property, which the Petition valued at $900,000.00 with $971,862.00 in secured claims. (Petition, Schedule A at 9.)

---

[1]    Nothing in the Judgment suggests what the cause of action was.

[2]    It appears likely that the Debtor did not yet know about the Judgment when the chapter 7 Petition was filed. Schedule F was never amended to list a claim arising from the judgment.

[3]    The docket entry for the report of no distribution is not numbered, but appears between entries 14 and 15.

Therefore, Schedule A shows claims against the property exceeding its value by $71,862.00.[4]

(Petition, Schedule A at 9.)  This left no assets for distribution to unsecured creditors.[5]  Cinfiors argues that the Fire Island Property was abandoned by the Chapter 7 Trustee with the report of no distribution (Motion ¶ 6); the Trustee asserts that this is not the case.  (Trustee Statement at 2 n.1.)  The issue makes no difference to the outcome of the Motion.

## II.    DISCUSSION

### A.    Filing the Judgment in Suffolk County Would Violate the Stay

A voluntary petition operates as a stay, applicable to all entities, of "any act to create, perfect, or enforce any lien against property of the estate," 11 U.S.C. § 362(a)(4), or of "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(5).

Cinfiors may not take any postpetition action to create a lien on the Fire Island Property regardless whether the property was abandoned to the Debtor.  If the property belongs to the estate, Cinfiors is prevented from "act[ing] to create, perfect, or enforce any lien against property of the estate" under § 362(a)(4).  If the property has been abandoned to the Debtor, Cinfiors is prevented from "act[ing] to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under [the Bankruptcy Code]" under § 362(a)(5).  There is no dispute that the Judgment is "a claim that

---

[4]    Schedule D lists only a $719,904.00 mortgage to Hudson City Savings Bank secured by the Fire Island Property.  The difference between the $719,904.00 mortgage listed in Schedule D and the $971,862.00 secured claim shown in Schedule A is not explained.  Using either amount, the Debtor would have no equity in the property.

[5]    Siegel also claimed the Fire Island Property as exempt but entered the value of the exemption as $0.00 because he has no equity in the property.

3

arose before the commencement of the case"; there is no need to reach the question whether the Chapter 7 Trustee has abandoned the Fire Island Property.

In arguing that filing the Judgment to create a lien against the Fire Island Property would not violate the stay, Cinfiors relies on several cases asserting that "ministerial acts" are not stay violations. (Motion ¶ 7 (citing *In re Braught*, 307 B.R. 399 (Bankr. S.D.N.Y. 2004), *In re Frazier*, No. 02-41136, 2003 WL 26098325 (Bankr. S.D. Ga. June 12, 2003), and *In re Soares*, 107 F.3d 969 (1st Cir. 1997)).) Cinfiors, however, mischaracterizes these cases.

First, the *Braught* court found creditors liable for damages for a willful violation of 11 U.S.C. § 362(a)(1) for "continu[ing] . . . a judicial . . . action or proceeding against the debtor" when they failed to vacate a judgment signed after the stay took effect. *Braught*, 307 B.R. at 401. *Braught* did not address the creation of liens in violation of § 362(a)(4) or (5), and it does not suggest that any exception applies to those subsections. Moreover, *Braught*'s discussion of "ministerial acts" refers to the entry of an order by the clerk of the court where the action is pending; the case does not discuss the enforcement of a judgment against a debtor in a different forum, either by court officials or by creditors. (*Id.*)

Second, *Frazier* concerns whether the State of Georgia violated the automatic stay by failing to reinstate a debtor's driver's license after revoking the license prepetition for failure to pay child support. *Frazier*, 2003 WL 26098325 at *1. The *Frazier* court found that the state did not violate the stay because the state had taken no action after the debtor filed for bankruptcy; it simply maintained the status quo. *Frazier* at *6. Unlike the inaction in *Frazier*, Cinfiors seeks to affirmatively create a lien against the Fire Island Property.

Third, *Soares* describes the ministerial acts exception to the automatic stay in detail, but that description is not helpful to Cinfiors. According to the First Circuit, "[a] ministerial act is

4

one that is essentially clerical in nature." *Soares*, 107 F.3d at 974. An act falls under the ministerial acts exception when "an official's duty is delineated . . . with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment . . . ." *Id.* The ministerial acts contemplated by *Soares* are those taken by a public official, not a private entity like Cinfiors.

As *Soares* makes clear, the "ministerial acts" exception on which Cinfiors attempts to build its case applies only to those acts taken by court officials fulfilling their duty without discretion. *Soares*, 107 F.3d at 974. There is no exception permitting a private entity to take affirmative action to enforce a claim outside the bankruptcy case, *see Braught*, 307 B.R. at 401; nor is there an exception for actions that would violate other provisions of 11 U.S.C. § 362(a). Any attempt by Cinfiors to create a judgment lien in Suffolk County would be a clear and willful violation of § 362(a)(4) or (5).

Cinfiors argues alternatively that its creation of a lien against the Fire Island Property does not violate the automatic stay because a lien would have automatically attached to any property the Debtor possessed in New York County at the time of the Judgment. (Motion ¶ 5 (citing N.Y. CPLR § 5203).) Because the creation of a lien on the Debtor's property would have been automatic in New York County, Cinfiors asserts, the Court must allow it to create one now in Suffolk County. (Motion ¶ 6.)

This argument fails on two levels. First, if the creation of a lien had been automatic at the time of the Judgment, it would not require an affirmative act from Cinfiors capable of violating the stay. *See Frazier* at *6. Second, a lien created at the time of the Judgment would have been created before the petition and would be stayed from enforcement under § 362(a)(4)–(5).

Furthermore, the automatic stay does not vanish simply because a particular action *could have* been taken before the Petition. *See In re Escobar*, 457 B.R. 229, 235 (Bankr. E.D.N.Y. 2011) ("It is well settled that any [judicial, administrative, or other actions or proceedings against the debtor] are void and without vitality *if they occur after the automatic stay takes effect*.") (citations omitted) (emphasis added). Presumably Cinfiors could have gone to the Suffolk County Clerk on either of the two business days between the Judgment and the Petition and had a lien recorded then. Of course, this judgment lien could have been avoided by the Chapter 7 Trustee as a preferential transfer, but that is not at issue here.[6] The fact that a lien could have been created before the Petition in no way preserves Cinfiors' ability to do so after the Petition.

### B. Cinfiors Is Not Entitled to Relief from the Automatic Stay

Cinfiors requests, in the alternative, that the Court grant relief from the stay pursuant to § 362(d), but it provides no reason that the Court should do so. (Motion ¶ 9.) Cinfiors asserts that "there is no substantive reason why Cinfiors should not be able to obtain a lien on [the Fire Island Property] solely because [it] is located in Suffolk County rather than New York County." (*Id.*) This non sequitur does not address the factors adopted by the Second Circuit in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). Those factors do not weigh in favor of lifting the stay considering Confiors's apparent intent to gain an advantage over other unsecured creditors.

The automatic stay furthers the important bankruptcy goal of equality of distribution among creditors of the same class. Cinfiors, an unsecured creditor, seeks to leap ahead of other unsecured creditors by obtaining a judgment lien. It may not do so.

---

[6] The state court judgment against the debtor was obtained February 3, 2014, three days before the Petition was filed on February 6, 2014. A judgment lien created during that three day period would have been an avoidable preference under 11 U.S.C. § 547(b).

6

### III.     CONCLUSION

Ministerial acts may not violate the automatic stay, but Cinfiors' proposed action is not ministerial.  The Court will not permit Cinfiors to turn itself into a secured creditor simply because it would rather be secured than unsecured.  Cinfiors provides no grounds under 11 U.S.C. § 362(d) for its alternative request that the stay be lifted.  Cinfiors' Motion is therefore **DENIED**.

**IT IS SO ORDERED**

Dated: July 9, 2014
         New York, New York

___*Martin Glenn*___
MARTIN GLENN
United States Bankruptcy Judge